No. 536 June 11, 2025 293

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CORY MICHAEL HART,
*Defendant-Appellant.*

Jefferson County Circuit Court
23CR10616; A181811

Daniel Joseph Ahern, Judge.

Submitted May 13, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Carla E. Edmondson, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Kirsten M. Naito, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

PAGÁN, J.

Affirmed.

**PAGÁN, J.**

Defendant appeals a judgment of conviction for two counts of improper use of the emergency communications system, ORS 165.570. On appeal, defendant raises four assignments of error all to the effect that there was insufficient evidence of his mental state, which would require reversal of his convictions.[1] We affirm.

Defendant was charged with six counts of improper use of the emergency communications system. He was tried to the court and was acquitted on four of the counts. ORS 165.570(1) provides, as relevant here, that a person commits the crime of improper use of the emergency communications system "if the person knowingly *** [m]akes an emergency call *** for a purpose other than to report a situation that the person reasonably believes requires prompt service in order to preserve human life or property[.]" We have construed that provision to require proof that the person calling "knew that he *** was calling for a prohibited purpose." *State v. Wiborg*, 285 Or App 131, 133, 396 P3d 258 (2017).

Here, defendant called 9-1-1 repeatedly during one day, and law enforcement officers responded, eventually telling defendant to stop calling 9-1-1. Based on our review of the record, we conclude that, by the time defendant made the last of the phone calls to 9-1-1, and when he sent a text message to 9-1-1 a few weeks later reporting the same issue, a rational factfinder could reasonably infer that the warnings and discussions he had with the law enforcement officers sufficiently informed him that he was contacting 9-1-1 for a prohibited purpose.

Because there was sufficient evidence in the record to support the trial court's findings, we affirm the trial court's judgment.

Affirmed.

---

[1] Defendant assigns error to the denial of his motion for judgment of acquittal on each of the two counts on which he was convicted, and he assigns error for the trial court's entry of each conviction in the judgment. We address the claims of error as a challenge to the sufficiency of the evidence.